IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 17-00246-KD-M |
| | ) |
| LASIEKA JAUWANE LEE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the "Motion for Judicial Recommendation" which the Court construes[1] as a motion for relief pursuant to the Second Chance Act of 2007 as amended by the First Step Act of 2018 and the Second Chance Reauthorization Act of 2018, effective December 21, 2018, filed by Defendant Lasieka Jauwane Lee (doc. 119). Lee was indicted in a four-count, indictment charging offenses related to the distribution of methamphetamine. She pled guilty to possession with intent to distribute methamphetamine and was sentenced to 60 months. Her estimated release date is May 10, 2023.

Lee moves the Court to recommend that she serve the last twelve (12) months of her sentence in a residential reentry center. Lee argues that pursuant to 18 U.S.C. § 3624(c)(1), the BOP must consider placement of an inmate in a residential reentry center for a portion of the final months of the sentence "for up to twelve months" (doc. 119, p. 1). Lee points out that a recommendation by the sentencing court is one of the factors which the BOP considers in making

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

its decision and moves the Court to recommend placement for the full twelve months prior to her release date.

In support, Lee states that due to her family responsibilities, she needs an additional adjustment period to maximize her chances to have a law-abiding life. She also states that she is not a threat to her community, has not had any institutional rule violations, and has a "perfect disciplinary record" (doc. 119, p. 2).

The Second Chance Act provides that "[t]he Director of the Bureau of the Prisons ["BOP"] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1). The Act requires the Director to issue regulations, which ensure that placement in a community correctional facility is decided on an "individual basis" and is of "sufficient duration to provide the greatest likelihood of successful reintegration into the community." Id. at (c)(6).

The determination must be conducted in a manner consistent with 18 U.S.C. § 3621(b). Under that statute, the BOP may designate a facility that it "determines to be appropriate and suitable considering - - (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission. . .". See 18 U.S.C. § 3621(b)(1)–(5).  Thus, a statement by the sentencing court is one of five factors for consideration.

The Court acknowledges Lee's disciplinary records and her self-reported need for an

additional adjustment period to help prevent recidivism, but defers to the BOP's judgment with respect to Lee's placement and the duration of her placement during the final twelve months of her sentence. Therefore, her request for a recommendation from the Court is DENIED.  However, the Court has no objection should the BOP determine that designating a residential reentry center as the place for Lee to serve her final twelve (12) months is appropriate.

The Clerk is directed to mail a copy of this Order to Lee.

**DONE** and **ORDERED** this 4th day of May 2021.

 **s / Kristi K DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**