IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 17-00246-KD |
| | ) |
| LASIEKA JAUWANE LEE, | ) |
| | ) |
| Defendant. | |

## ORDER

This action is before the Court on Defendant Lasieka Lee's motion for early termination of supervised release (doc. 125) and the United States' response (doc. 127). Upon consideration, and for the reasons set forth herein, the motion is GRANTED.[1]

On November 15, 2017, Lee was indicted for conspiracy to possess with intent to distribute methamphetamine (Count One), possession with intent to distribute cocaine (Count Two), and possession with intent to distribute methamphetamine (Counts Three and Four) (doc. 1). Lee pled guilty to Count Four and was sentenced to a term of imprisonment of sixty (60) months (doc. 57). Her conviction and sentence were affirmed on appeal (doc. 78). Lee's motion to vacate pursuant to 28 U.S.C. § 2255 was denied (docs. 121, 122). Lee began her four-year term of supervised release on May 18, 2022. She has completed two years on supervision.

Lee moves the Court for early termination of supervision. As grounds, she states that her term of incarceration helped her to mature, become a better person, and regain her self-worth (doc. 125). Lee also reports that since her release she has maintained steady full-time employment, has been "drug free", and has not been in "contact with anyone or anything that is

---

[1] No evidentiary hearing is necessary. The relief sought is favorable to Lee, does not extend her term of supervised release, and the United States does not object (doc. 127). Fed. R. Crim. P. 32.1(c)(2)(B) & (C).

against the law" (Id.). She also states that her conduct has been "satisfactory" to her Probation Officer (Id.).

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Lee has met the statutory requirement that she serve at least one year of supervision. Therefore, the Court considers the relevant factors in 18 U.S.C. § 3553(a) to determine whether her conduct and the interests of justice warrant early termination. Specifically, the Court has considered the "nature and circumstances" of Lee's offense and her "history and characteristics" 18 U.S.C. § 3553(a)(1), and the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant". 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

As to Lee's conduct during supervision, her supervising Probation Officer reports that since her release from prison, Lee maintained a stable residence with her mother and Lee's daughter and maintained full-time employment at Subway. Also, Lee has not violated her conditions of release, her drug screens have been negative, and she was moved to low-risk supervision because of her continued compliance. Her Probation Officer recommends that Lee be considered for early termination of supervised release. The United States has no objection to early termination (doc. 127).

Upon consideration of the foregoing, the Court finds that early termination would serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct" 18 U.S.C. § 3553(a)(2)(A) and (B).  The Court specifically acknowledges that Lee has complied with all conditions of release, maintained steady fulltime employment at Subway, and maintained a permanent residence with her family. Accordingly, the Court is satisfied that Lee's present conduct and the interests of justice warrant early termination of her supervision. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this 4th day of June 2024.

                                          **s / Kristi K. DuBose**
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**